### J. H. Forquer, Appellee, v. C. B. Thomas, Appellant.

### Gen. No. 6,546.

APPEAL AND ERROR, § 1802*—*when judgment reversed and remanded without decision on merits.* The judgment should be reversed and the case remanded to the trial court with directions to render a judgment against the two defendants on the verdict, without a decision on the merits, where an action is brought against the two members of a partnership to recover compensation for the sale of real estate, and, although one partner only is served, the other appears and they both file pleas, and a verdict is returned for plaintiff and a judgment rendered against the partner served, and he alone appeals.

Appeal from the Circuit Court of Knox county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1918. Reversed and remanded with directions. Opinion filed July 25, 1918.

R. D. ROBINSON, for appellant.

J. J. WELSH and E. P. WILLIAMS, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Forquer brought assumpsit against Thomas and Pierce, alleged to be partners, in the Circuit Court of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Knox county, to recover compensation for the sale of real estate. Thomas was served with summons and Pierce was not. They both appeared and filed pleas. Issues were joined and there was a jury trial and a verdict for plaintiff for $640. Judgment on said verdict was rendered against Thomas alone, and he prosecutes this appeal from that judgment and assigns for error, among other things, that the judgment should not have been against himself alone, but should have been against himself and Pierce. Appellee confesses this error and urges that the judgment should be reversed and the cause remanded with directions to the trial court to enter a judgment on the verdict against both defendants. Appellant in reply urges that we should pass on all the errors assigned and that upon so doing we should find that plaintiff has no cause of action and the cause should not be remanded.

Though Pierce was not served, yet he appeared and pleaded and there should have been a judgment against both defendants on that verdict. We ought not now to decide the merits because they might be decided adversely to the defense, whereas, when a judgment is entered against Pierce upon the verdict, he has a right to be heard on appeal. We cannot bind Pierce until there is a judgment against him and we ought not to decide the merits until he is present here.

The judgment is therefore reversed and the cause remanded with directions to the court below to enter a judgment against both defendants upon the verdict. Leave is given appellant to withdraw his record, abstracts and briefs, and to appellee to withdraw his briefs.

*Reversed and remanded with directions.*